O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 27 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAIN DION CAMPBELL,<br><br>    Petitioner,<br><br>    v.<br><br>TIM VIRGA, Warden,<br><br>    Respondent. | Case No. CV 10-1698 JGB (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Respondent's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

    Respondent's Objections generally reiterate the arguments made in his Answer, Supplemental Brief, and Response to Petitioner's Supplemental Brief. [Dkt. Nos. 31, 38, 52.] As such, the Objections generally lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

    In his Objections, Respondent argues that the Report and Recommendation incorrectly shouldered the government with the burden of proving the validity of Petitioner's waiver of counsel. And, admittedly, Petitioner, not Respondent, bears the ultimate burden of proof with respect to each of his allegations of constitutional

violations, including his claim that his waiver of the right to counsel was invalid. *See Ben-Shalom v. Ayers*, 674 F.3d 1095, 1099 (9th Cir. 2012).

Regardless, no matter how the burden is allocated, the record still proves that Petitioner's waiver was invalid.

Under *Faretta v. California*, 422 U.S. 806 (1975), a valid waiver of counsel requires a defendant to "knowingly and intelligently forgo" the "traditional benefits associated with the right to counsel." *Id.* at 835 (citation omitted). Under *Iowa v. Tovar*, 541 U.S. 77 (2004), a valid waiver of counsel upon pleading guilty requires that a defendant be informed "of the nature of the charges against him, of his right to be counseled regarding his plea, and of the *range of allowable punishments*." *Id.* at 81 (emphasis added). As cogently explained by the Ninth Circuit, "[t]he requirement recounted in *Tovar* complements the requisites for a valid waiver of the right to counsel described in *Faretta*.... Taken together, [*Tovar* and *Faretta*] outline the minimum necessary knowledge for a defendant to calculate knowingly and intelligently the risk of proceeding to trial pro se." *Arrendondo v. Neven*, 2014 WL 4056516, at *7 (9th Cir. Aug. 18, 2014).

Here, the trial court and the prosecutor never informed Petitioner that he faced a potential penalty of 106 years to life, as alleged in the original information, or 96 years to life, as alleged in the amended information. Instead, Petitioner waived his right to counsel after being told that he faced the significantly lower potential penalty of fifty years to life. And in fact, upon his conviction after proceeding to trial *pro se*, Petitioner was sentenced to seventy years to life.

Thus, under clearly established federal law, Petitioner's waiver of counsel was invalid. *See* 28 U.S.C. § 2254(d)(1).

Accordingly, IT IS ORDERED THAT:
1. The Report and Recommendation is approved and accepted;
2. Judgment be entered conditionally granting the Petition as to Ground One, and denying the Petition with prejudice as to Grounds Two through Eight;

3. Petitioner either be brought to retrial within sixty (60) days of the date of the judgment – plus any additional delay authorized under state law – or, alternatively, be discharged from the adverse consequences of his conviction in Los Angeles Superior Court Case No. KA074541.

4. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, as regards Grounds Two through Eight. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: October 22, 2014

HON. JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE